Ramirez-Rivera v. Garland

BIA
Straus, IJ
A208 276 674/672/673, A208 279 827/841

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand twenty-four.

PRESENT:
            RICHARD C. WESLEY,
            STEVEN J. MENASHI,
            ALISON J. NATHAN,
                 *Circuit Judges.*
_____

JORGE ALBERTO RAMIREZ-RIVERA,
D.M.R., D.M.R., Y.N.R, J.R.,
            *Petitioners*,

            v.                                          **22-6199**
                                                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*

_____

**FOR PETITIONER:**        Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Christin M. Whitacre, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jorge Alberto Ramirez-Rivera and his four children,[1] natives and citizens of Honduras, seek review of an April 1, 2022, decision of the BIA affirming an April 4, 2019, decision of an Immigration Judge ("IJ"), which denied Ramirez-Rivera's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramirez-Rivera*, No. A 208 276 674/672/673, A208 279 827/841 (B.I.A. Apr. 1, 2022), *aff'g* No. A 208 276 674/672/673, A208 279 827/841 (Immig. Ct. Hartford Apr. 4, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision regarding the cognizability of social groups as supplemented by the BIA, but we do not address the IJ's findings regarding a nexus to those groups because the BIA declined to rely on those findings. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).[2]  Congress has specified that

---

[1] We refer principally to Ramirez-Rivera because the remaining petitioners are derivative beneficiaries on his asylum application and did not independently apply for relief.

[2] Accordingly, to the extent that Ramirez-Rivera challenges the nexus finding, his arguments are misplaced. *See Xue Hong Yang*, 426 F.3d at 522 (reviewing the IJ's decision minus the grounds for denying relief that the BIA declined to affirm). Our review is limited to the denial of asylum and withholding of removal based on membership in

"the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. … By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

To establish eligibility for asylum and withholding of removal, Ramirez-Rivera had to show that he suffered past persecution or that he had a well-founded fear (asylum) or likelihood (withholding) of future persecution "on account of" a protected ground, here "membership in a particular social group." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A); *see also* 8 C.F.R. §§ 1208.13(a)-(b), 1208.16(b). Ramirez-Rivera had the burden to establish a cognizable particular social group by demonstrating that members of his proposed groups share "a common immutable characteristic" and that the groups are "defined with particularity" and "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that the group be "defined by characteristics that provide a clear benchmark for determining who falls within the group" and that membership not be "amorphous, overbroad, diffuse, or subjective." *Id.* (quoting *M-E-V-G-*, 26 I. & N. Dec. at 239); *see also Ordonez Azmen v. Barr*, 965 F.3d 128, 135 (2d Cir. 2020) (explaining that particularity requires that members of the society in question "generally agree on who is included in the group") (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 221 (B.I.A. 2014)). Social distinction requires that "society as a whole views [the] group as socially distinct."

particular social groups because Ramirez-Rivera does not raise his race-based persecution or CAT claims. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (internal quotation marks omitted).

*Paloka*, 762 F.3d at 196.

The agency did not err in finding that Ramirez-Rivera's two proposed particular social groups—business owners and people "who refuse to follow gang orders and/or impede gang actions"—were not cognizable.[3] Ramirez-Rivera has not shown that business owners share a common immutable characteristic. An immutable characteristic is one that members "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Paloka*, 762 F.3d at 195 (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A. 1985), *abrogated in part by INS v. Cardoza-Fonesca*, 480 U.S. 421 (1987)). Ramirez-Rivera argues that at least some employment-based groups share immutable characteristics, such as groups who share extensive training and specialized skills that would make members a target even if they changed careers or groups of former government agents. Neither example is analogous to his situation as the former owner of a business selling propane. Ramirez-Rivera did not assert a particular social group of *former* business owners. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191-92 (B.I.A. 2018) (requiring an asylum applicant to articulate "the exact delineation" of each proposed social group to the IJ in the first instance). Nor did he allege that individuals who previously sold propane— let alone business owners more generally—share specialized skills or training that are fundamental to their identities or that set them apart from the general community.

Furthermore, Ramirez-Rivera has not shown that either of his proposed groups are defined with particularity. Business owners could encompass people engaging in a wide variety of economic activity, some sporadically or informally, and Ramirez-Rivera has not shown a consensus in Honduras about who qualifies

---

[3] The government argues that Ramirez-Rivera's arguments on this point are unexhausted, but he challenged the IJ's particular social group findings, albeit in general terms, before the BIA, and the BIA affirmed the IJ's decision. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008) (deeming exhausted a claim that the BIA addressed despite a failure to raise it on appeal to the BIA).

as a business owner. *See Ordonez Azmen*, 965 F.3d at 135; *Paloka*, 762 F.3d at 196. Likewise, he has not shown a consensus about what constitutes refusing or impeding gangs, which could encompass a variety of direct or indirect actions. *See Ordonez Azmen*, 965 F.3d at 135; *Paloka*, 762 F.3d at 196.

Nor has Ramirez-Rivera shown that these proposed groups are socially distinct in Honduras. His testimony that gangs demand money from business owners and target people who refuse to pay is insufficient because he must show more than the persecutors' perception to satisfy his burden. *See Quintanillla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) ("While a persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough, by itself, to establish a cognizable social group.") (internal quotation marks omitted); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"). While Ramirez-Rivera identifies a case in which we held that a group of cooperating witnesses was cognizable, in that case there was evidence that a list of potential witnesses' names had been published and the community viewed the people on the list as traitors. *See Gashi v. Holder*, 702 F.3d 130, 137 (2d Cir. 2012). The record in this case contains no similar evidence of social distinction.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5